UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

| | |
|---|---|
| JP MORGAN CHASE BANK, N.A., <br><br> Plaintiff, <br> v. <br><br> JOHNSON, et al., <br><br> Defendants. | Civil Action No. <br><br> 2:17-CV-02719-ES-SCM <br><br> **PLAINTIFF'S MOTION TO REMAND** <br><br> [D.E. 10] |

## REPORT AND RECOMMENDATION

**STEVEN C. MANNION**, United States Magistrate Judge.

Before the Court is Plaintiff JP Morgan Chase Bank, N.A.'s ("JP Morgan Chase") Motion to Remand.[1] Defendants Eric Johnson, Ann Johnson and Robert Mahoney (collectively "Defendants") opposed the motion.[2] JP Morgan Chase replied.[3] The Honorable Esther Salas, United States District Judge, referred this motion to the undersigned for report and recommendation.[4] Having reviewed and considered the parties' submissions, it is respectfully recommended that JP Morgan Chase's Motion to Remand be **granted.**

---

[1] (ECF Docket Entry No. ("D.E.") 10). The Court will refer to documents by their docket entry number and the page numbers assigned by the Electronic Case Filing System.

[2] (D.E. 12, Def.'s Opp.).

[3] (D.E. 17, Pl.'s Reply).

[4] L. Civ. R. 72.1(a)(2).

I.   **<u>BACKGROUND AND PROCEDURAL HISTORY</u>**[5]

JP Morgan Chase seeks foreclosure of mortgaged property owned by the Defendants.[6] On December 14, 2015, JP Morgan Chase filed a residential Mortgage Foreclosure Complaint against the Defendants in the Superior Court of New Jersey, Chancery Division, Morris County alleging that the mortgage loan was in default.[7] The Defendants attempted to remove this action to this Court on the grounds of diversity jurisdiction and federal question jurisdiction arising from a defense under the Fair Debt Collection Practices Act ("Fair Debt Act") as well as other federal statutes, regulations, and constitutional provisions.[8] On August 23, 2017, JP Morgan Chase moved to remand the action to state court alleging this Court lacks subject-matter jurisdiction for the following reasons: (1) the Complaint raised no issues of federal law and seeks relief based solely on state law [9] and (2) the Defendants are New Jersey citizens and therefore the forum defendant rule precludes this Court from exercising diversity jurisdiction.[10] On September 21, 2017, JP

---

[5] The allegations set forth within the pleadings and motion record are relied upon for purposes of this motion only. The Court has made no findings as to the veracity of the parties' allegations.

[6] (D.E. 2, State Ct. Compl.).

[7] (D.E. 15, State Ct. Docket)

[8] (D.E. 1-1, Notice of Removal (". . . removal, pursuant to, but not limited to, the following authorities: 24 CFR 203 604, The Supremacy Clause of the United States Constitution, The Fair Debt Collection Practices Act, 15 USC 1692f § 807, False or Misleading Representations (2)(A), 10, 15 USC 1692g §808 Unfair Practices 6A(A), 15 USC 1692 h § 809 Validation of Debts (1), (2), 28 USC §1443(1), 28 USC §1446, 28 USC §1343, 29 USC §1331, and 28 USC §1332")).

[9] (D.E. 10-1, Brief).

[10] (D.E. 10-1, Brief).

Morgan Chase, at the request of the Court, filed a letter memorandum of law in support of their motion to remand, specifically addressing the timeliness of their motion.[11]

## II.     DISCUSSION & ANALYSIS

### A.  Legal Standard

It is well established under the federal removal statute that a civil action brought in any state court may be removed by a defendant or the defendants to the proper federal district court with original jurisdiction.[12] However, "[r]emoval is not appropriate if the case does not fall within the district court's original federal question jurisdiction and the parties are not diverse."[13]

The Third Circuit directs its courts to strictly construe 28 U.S.C. § 1441 against removal and to resolve all doubts in favor of remand.[14] It is assumed "that federal courts lack jurisdiction unless the contrary appears affirmatively from the record."[15] As a result, "the burden is on the removing party to show the case belongs in federal court."[16]

---

[11] (D.E. 17, Letter Brief).

[12] *See* 28 U.S.C. § 1441(a).

[13] *DeJoseph v. Cont'l Airlines, Inc.*, 18 F. Supp. 3d 595, 597 (D.N.J. 2014).

[14] *See Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 346 (3d Cir. 2013) (citing *Brown v. Francis*, 75 F.3d 860, 865-65 (3d Cir. 1996)); *see also Valerio v. Mustabasic*, No. 07-cv-534, 2007 WL 2769636, at *2 (D.N.J. Sept. 21, 2007) (citing *Orlick v. J.D. Carton & Son, Inc.*, 144 F. Supp. 2d 337, 341 (D.N.J. 2001)); *Samuel-Bassett v. Kia Motors America, Inc.*, 357 F.3d 392, 396 (3d Cir. 2003) ("28 U.S.C. § 1441 is to be strictly construed against removal.").

[15] *DeJoseph*, 18 F. Supp. 3d at 598 (quoting *Philadelphia Fed'n of Teachers, Am. Fed'n of Teachers, Local 3, ALF-CIO v. Ridge*, 150 F.3d 319, 323 (3d Cir. 1998)).

[16] *Constantino v. Cont'l Airlines, Inc.*, No. 13-CV-1770 CCC, 2014 WL 2587526, at *1 (D.N.J. June 9, 2014) (citing *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990)); *see also*

Federal question jurisdiction is governed by 28 U.S.C. § 1331.[17] This section provides "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."[18] "The well-pleaded complaint rule governs whether a case 'arises-under' federal law for the purposes of § 1331."[19] "Under the well-pleaded complaint rule, 'the plaintiff is ordinarily entitled to remain in state court so long as its complaint does not, on its face, affirmatively allege a federal claim.'"[20] A federal question raised as a defense is not sufficient to create federal question jurisdiction.[21] Rather, "the controversy must be disclosed on the face of the complaint, unaided by the answer or the petition for removal" for subject matter jurisdiction under federal question jurisdiction to be implicated.[22]

---

*Samuel-Basset*, 357 F.3d at 396 ("The party asserting jurisdiction bears the burden of showing that *at all states of the litigation* the base is properly before the federal court.") (emphasis added).

[17] 28 U.S.C. § 1331.

[18] *Id.*

[19] *EKI, LLC v. Gasser Chair Co., Inc.*, No. 07-cv-4936, 2007 WL 1135298, at *3 (D.N.J. Apr. 16, 2007) (citing *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 830 (2002)).

[20] *Id.* (citing *Pasack Valley Hosp., Inc. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 398 (3d Cir. 2004)).

[21] *United States Express Lines, Ltd. V. Higgins,* 281 F.3d 383, 389 (3d Cir. 2002) (citations omitted).

[22] *Id.*

## B.    Analysis

Under the federal removal statute, a civil action brought in state court may be removed by a defendant to the proper federal district court with original jurisdiction.[23] Removal requires an independent ground for subject-matter jurisdiction such as federal question jurisdiction or diversity jurisdiction.[24] Although JP Morgan Chase provides numerous reasons in support of remanding this action to state court, the following focuses on subject-matter jurisdiction arising from the forum-defendant, and well-pleaded complaint rules.[25] Though both the Defendants' Notice of Removal[26] and JP Morgan Chase's Motion to Remand[27] may have contained procedural defects, this does not preclude the Court's review for remand on lack of subject-matter jurisdiction.[28] This Court finds that remand is proper given these considerations.

### i.    Diversity Jurisdiction and The "Forum-Defendant Rule"

On the basis of diversity, removal is precluded if one of the defendants is a citizen of the state in which the complaint was originally filed.[29] Here, the complaint originated in New Jersey state court.[30] The Defendants' return address in each of their filings as well as their address on the

---

[23] *See* 28 U.S.C § 1441(a).

[24] (*Id.*).

[25] (D.E. 10, 17).

[26] (D.E. 1).

[27] (D.E. 10).

[28] *See* 28 U.S.C § 1441(c).

[29] *Dresser Indus., Inc. v. Underwriters at Lloyd's of London*, 106 F.3d 494, 499 (3d Cir. 1997); 28 U.S.C § 1441(b)(2).

[30] (D.E. 2).

record is listed in New Jersey.[31] Further, the property in question is located in New Jersey.[32] The record demonstrates that the Defendant's domicile is New Jersey under the meaning of *Zambelli*.[33] Therefore, this action is subject to remand under the forum-defendant rule even if complete diversity exists.[34]

        ii.    <u>Federal Question Jurisdiction and The "Well-Pleaded Complaint Rule"</u>

The Complaint alleges a claim under the New Jersey Fair Foreclosure Act ("Fair Foreclosure Act").[35] The Complaint does not allege any federal claim. In accordance with the well-pleaded complaint rule, federal question jurisdiction is lacking.

The Defendants, though, argue that federal question jurisdiction exists. This claim appears to be primarily rooted in the nature of the mortgage loan underlying the foreclosure.[36] The Defendants argue that the mortgage "was a HUD loan, owned by the Government and paid in full by Government insurance."[37] This argument is entirely unavailing. To "allow[ ] a counterclaim to establish 'arising under' jurisdiction would . . . contravene the longstanding policies underlying

---

[31] (D.E. 1, 2, 6, 8, 9, 12, 16, 20).

[32] (D.E. 1-4 at 6).

[33] *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (citizenship of a natural person is determined by their domicile).

[34] *See Gilbert v. Heine*, No. 13-4756 ES, 2014 WL 145285, at *4 (D.N.J. June 9, 2014) (quoting *Richards v. I-Flow Corp.*, No. 09-4002, 2010 WL 2516808, at *1 (D.N.J. June 11, 2010)).

[35] N.J. Stat. Ann. § 2A:50-53 (West).

[36] (D.E. 12, Defs.' Br. in Opp'n).

[37] (D.E. 12, Defs.' Br. in Opp'n at 1).

our precedents" and allow defendants to defeat plaintiff's choice of forum "simply by raising a federal counterclaim."[38] Here, JP Morgan Chase's right to relief does not implicate any federal law; it is not JP Morgan Chase's claim, but rather the Defendants' defense to the claim that depends on federal law.

## IV.   RECOMMENDATION

For the reasons articulated herein, the undersigned respectfully recommends that JP Morgan Chase's Motion to Remand be **granted** and any pending motions be rendered moot. The parties have fourteen days to file and serve any objections to this Report and Recommendation.[39] "The District Court need not consider frivolous, conclusive, or general objections."[40]

The Clerk of the Court will mail copies of this Report and Recommendation to the *pro se* defendants.



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

10/11/2017 3:53:27 PM

Original: Clerk of the Court
Hon. Esther Salas, U.S.D.J.
cc: All parties
    File

---

[38] *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 831 (2002) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109, 61 S.Ct. 868, 85 L.Ed. 1214 (1941)).
[39] 28 U.S.C. § 636; L. Civ. R. 72.1(c)(2).

[40] *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

Eric Johnson and Ann Johnson  Robert Mahoney
16 Romondt Road  16 Romondt Road
Pompton Plains, NJ 07444  Pompton Plains, NJ 07444