UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
ESTHER SALAS
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING
COURTHOUSE
50 WALNUT ST.
ROOM 5076
NEWARK, NJ 07101
973-297-4887

May 8, 2018

## LETTER MEMORANDUM

Re:   *JPMorgan Chase Bank, National Association v. Johnson, et al.*
      Civil Action No. 17-2719 (ES) (SCM)

Dear Parties:

Pending before the Court is *pro se* Defendants Eric Johnson, Ann Johnson, and Robert Mahoney's ("Defendants") motion for reconsideration of this Court's remand Order. (D.E. No. 27). Plaintiff JPMorgan Chase Bank, National Association ("JPMorgan") opposed Defendants' motion (D.E. No. 29), and Defendants replied (D.E. No. 30). For the following reasons, Defendants' motion is DENIED.

*Procedural History*. In December 2015, JPMorgan filed a residential Mortgage Foreclosure Complaint against Defendants in the Superior Court of New Jersey, Chancery Division, Morris County. (D.E. No. 15). JPMorgan's Complaint alleged that Defendants' mortgage loan was in default. (*See id.*). Defendants attempted to remove the case to this Court based on diversity jurisdiction and federal-question jurisdiction arising from a defense under the Fair Debt Collection Practices Act (the "FDCPA"), as well as other federal statutes, regulations, and constitutional provisions. (*See* D.E. No. 1-1). JPMorgan then moved to remand because: (i) the Complaint raised no issues of federal law and seeks relief based solely on state law; and (ii) Defendants are New Jersey citizens, and therefore the forum-defendant rule precludes this Court from exercising diversity jurisdiction. (*See* D.E. No. 10-1).

On October 11, 2017, the Hon. Steven C. Mannion, U.S.M.J., issued a Report and Recommendation (the "R&R") that the Court grant JPMorgan's remand motion. (D.E. No. 22). Magistrate Judge Mannion provided the parties fourteen days to file and serve any objections to the R&R pursuant to 28 U.S.C. § 636 and Local Civil Rule 72.1(c)(2). The parties did not file any objections.

On November 15, 2017, this Court adopted Magistrate Judge Mannion's R&R in full and remanded this case to the Superior Court, Chancery Division, Morris County. (D.E. No. 25). Three months later, Defendants filed their motion for reconsideration.

*Legal Standard*. Local Civil Rule 7.1(i) governs motions for reconsideration in this District. Under that Rule, "a motion for reconsideration shall be served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge." L. Civ. R. 7.1(i).

A motion for reconsideration is "an extraordinary remedy to be granted very sparingly." *In re Lord Abbett Mut. Funds Fee Litig.*, 417 F. Supp. 2d 624, 627 (D.N.J. 2005). To prevail on a motion for reconsideration, a party must demonstrate: "(1) an intervening change in the controlling law; (2) the availability of new evidence . . . ; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Reardon v. Zonies*, No. 17-3551, 2018 WL 1747739, at *2 (3d Cir. Apr. 11, 2018) (citation omitted) (alteration in original). "A motion for reconsideration is improper when it is used to ask the Court to rethink what it has already thought through—rightly or wrongly." *Oritani Sav. & Loan Ass'n v. Fid. & Deposit Co. of Md.*, 744 F. Supp. 1311, 1314 (D.N.J. 1990).

*Analysis*. As an initial matter, Defendants' motion is untimely. Defendants seek reconsideration of this Court's November 15, 2017 remand Order. So, under Local Civil Rule 7.1(i), Defendants needed to file their motion by November 29, 2017. Defendants did not file their motion until February 14, 2018—nearly three months later.

But the Court recognizes that Defendants are proceeding *pro se*. *See Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013) (noting that courts in the Third Circuit "tend to be flexible when applying procedural rules to *pro se* litigants). And this Court may extend the time in which a party may move for reconsideration. *See Gutiereez v. Johnson & Johnson*, 523 F.3d 187, 193 n.5 (3d Cir. 2008) (noting that district courts are generally free to permit the filing of motions for reconsideration beyond the deadline set by the local rules). Thus, the Court will consider whether Defendants have satisfied any of the three prongs under Local Civil Rule 7.1(i).

Defendants do not contend that an intervening change in the controlling law or new evidence warrant reconsideration. (*See generally* D.E. No. 27). Rather, they argue that the Court overlooked various facts and arguments in finding that it lacks subject-matter jurisdiction over the case. (*See id.* at 3) (arguing that Magistrate Judge Mannion "made several erroneous statements which appear to be due to failure to read Defendants' proofs"). In particular, Defendants argue that their "removal was due to the Supremacy Clause of the Constitution under which Federal properties are domiciled." (*Id.*; *see also* D.E. No. 30 ("Defendants' [sic] have many times addressed the fact that the Supremacy Clause of the Constitution takes precedence as this is a Government Owned Loan on a Government owned property. Federal jurisdiction does apply.")).

In short, Defendants' motion reiterates the same arguments that Magistrate Judge Mannion and this Court already considered and rejected. Accordingly, Defendants have not satisfied any of the prongs under Local Civil Rule 7.1(i), and their motion must be denied.

**SO ORDERED.**

                                              *s/Esther Salas*
                                              **Esther Salas, U.S.D.J.**